IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>EDDIE CARRASQUILLO<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Criminal Action<br>No. 20-879 (KMW)<br><br>**MEMORANDUM OPINION & ORDER** |

**WILLIAMS, District Judge:**

WHEREAS, on January 20, 2013, Defendant Eddie Carrasquillo was arrested after members of the United Stated Drug Enforcement Agency ("DEA") obtained evidence that he was trafficking large quantities of cocaine from a rental property in Woonsocket, Rhode Island (PSR ¶ 11); and

WHEREAS, on April 17, 2013, Defendant entered into a plea agreement, whereby the Government agreed to recommend a sentence at the lowest end of the applicable Sentencing Guidelines range or the minimum mandatory term of imprisonment (whichever was greater) and a decrease of one level for acceptance of responsibility. They also agreed to not seek an enhancement under 21 U.S.C. § 851 (thereby eliminating a potential penalty of 80 years imprisonment with a mandatory minimum of 10 years, and a mandatory term of at least 8 years supervised release). Defendant agreed to forfeit a 2007 Honda motor vehicle and cash proceeds in the amount of $409,120 (*USA v. Carrasquillo*, 13-cr-35, ECF No. 12 (D.R.I. filed Feb. 20, 2013); (PSR ¶ 8); and

WHEREAS, on May 16, 2013 in the United States District Court for the District of Rhode Island before the Honorable William E. Smith, Defendant pleaded guilty to a three-count Indictment charging Conspiracy to Distribute 500 Grams or More of Cocaine, in violation of 21

U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) (Count I), Distribution of 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) (Count II), and Maintaining a Drug Related Premises, in violation of 21 U.S.C. § 856(a)(1) (Count III) (*USA v. Carrasquillo*, 13-cr-35 (D.R.I. May 16, 2013); and

WHEREAS, on November 22, 2013, Defendant and the Government executed an Addendum to the Plea Agreement, in which the Government agreed to seek a sentence of 135 months' imprisonment regardless of the outcome of an appeal Defendant had pending in Massachusetts that could affect his status as a Career Offender, and Defendant agreed to not request any further continuances of the federal sentence in Rhode Island pending resolution of the Massachusetts matter (*USA v. Carrasquillo*, 13-cr-35, ECF No. 21 (D.R.I. Nov. 22, 2013); and

WHEREAS, on November 22, 2013, Judge Smith sentenced Defendant to 121 months' imprisonment, followed by 7 years of supervised release (*USA v. Carrasquillo*, 13-cr-35 (D.R.I. Nov. 22, 2013); and

WHEREAS, because Judge Smith was imposing a sentence at the lowest end of the 121 to 151 Guidelines range, he specifically stated: "I'm going to give you a pretty substantial term of supervised release because then I can hold you to the commitments that you're making today; and if you violate, I can give you additional time in prison for violating." (*USA v. Carrasquillo*, 13-cr-35, ECF No. 39 at 35 (D.R.I. March 13, 2015); and

WHEREAS, on October 8, 2020, jurisdiction over this matter was transferred to the District of New Jersey and assigned to the Honorable Robert B. Kugler (Ret.) (ECF No. 1); and

WHEREAS, on September 6, 2023, Defendant filed the instant Motion for Early Termination of Supervised Release (ECF No. 4); and

WHEREAS, on June 5, 2024, the matter was reassigned to the undersigned (ECF No. 10); and

WHEREAS, a motion for early termination of supervised release may only be granted after consideration of the sentencing factors provided for in 18 U.S.C. § 3553 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7) and "only if [the court] is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)); and

WHEREAS, "'[g]*enerally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id*. at 53 (quoting *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018) (emphasis in original); and

WHEREAS, "the party attempting to adjust the sentence" has the burden of proving by a preponderance of evidence that the adjustment is warranted. *United States v. McDowell*, 888 F.2d 285, 291(3d Cir. 1989); and

WHEREAS, Defendant is currently employed as an electrician working for Sunnova Energy International, Inc. in New Jersey (ECF No. 4 at 2); and

WHEREAS, having served nearly four years of supervised release, Defendant seeks early termination, claiming he is ineligible to travel to Hawaii and Guam for work and receive a promotion while on supervised release (ECF No. 4 at 3);

WHEREAS, in correspondence authored by Sunnova's Field Service Manager for New Jersey, Defendant's term of supervised release is characterized as "hinder[ing] his growth ***due to the fact that it has been difficult for him to travel out of state*** [and] [i]f he was no longer on supervised release, additional opportunities for advancement would be made available to him." (ECF No. 9-1 at 1) (emphasis added); and

WHEREAS, pursuant to information obtained by the Government from Defendant's

3

Probation Officer, Defendant has never sought permission to travel out of state for employment (ECF No. 8 at 4);

WHEREAS, the Probation Officer further informed the Government "that it would be possible for the Defendant to remain on supervision and receive permission to travel to Guam and Hawaii for up to one month at a time, if appropriate." (*Id*.); and

THE COURT FINDING, at the time of sentencing, Judge Smith's intention to have Defendant serve the full 7 years of supervised release was unequivocal; and

THE COURT FINDING the correspondence from Defendant's employer mistakenly equates Defendant's inability to travel with the fact that Defendant is currently on supervised release (ECF No. 9-1 at 1); and

THE COURT FINDING Defendant does not dispute the Government's claim that Defendant has never sought permission to travel from his Probation Officer (ECF No. 9); and

THE COURT FINDING Defendant has not met his burden of proving early termination is warranted and the granting of this motion would not serve the interests of justice at this time; and

THE COURT FINDING denial of the instant Motion without prejudice would permit Defendant to seek permission to travel from his Probation Officer and pursue a promotion without negating the very clear intention of the sentencing court.

Thus, IT IS on this 8th day of August 2024, hereby

**ORDERED** that Defendant's Motion for Termination of Supervised Release (ECF No. 4) is **DENIED** without prejudice.

Dated:

*Karen M. Williams*
KAREN M. WILLIAMS
United States District Judge